Patricia Rose Lynch, Esq. (PL-8436)
Sacco & Fillas, LLP
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
Tel: 718-269-2240
Email : Plynch@saccofillas.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GAVIN TREPETA,<br><br>                    Plaintiff,<br><br>      -against-<br><br>POLL RESTAURANT GROUP, INC. d/b/a Toku Modern Asian, GILLIS POLL, FRANKLIN GUEVARA, JUAN DELACRUZ,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT** |

1. Plaintiff, GAVIN TREPETA (hereinafter referred to as "Plaintiff") by his attorneys, SACCO & FILLAS, LLP, alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, GAVIN TREPETA, through undersigned counsel, brings this action against POLL RESTAURANT GROUP, INC. d/b/a Toku Modern Asian (the "Restaurant Group"), and GILLIS POLL, FRANKLIN GUEVARA, and JUAN DELACRUZ, as individuals (hereinafter referred to as "Defendants"), to recover damages for egregious violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. ("Title VII"), the New York State Human Rights

Law, New York Executive Law §§ 296-297 ("NYSHRL"), and other appropriate rules, regulations, statutes and ordinances for unlawful discrimination on the basis of Plaintiff's gender, subjecting Plaintiff to sexual harassment and a hostile work environment, and unlawful retaliation arising out of Plaintiffs employment with Defendants POLL RESTAURANT GROUP, INC., d/b/a Toku Modern Asian, located at 2014 Northern Boulevard, Manhasset, NY 11030.

3. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages to redress Defendants' unlawful gender discrimination against the Plaintiff and subjecting Plaintiff to sexual harassment and a hostile work environment in violation of the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. ("Title VII"), the New York State Human Rights Law, New York Executive Law § 290 ("NYSHRL"), and the New York City Human Rights Law, and other appropriate rules, regulations, statutes and ordinances.

4. While working for the Defendants, the Plaintiff was subjected to sexual harassment and assault, by receiving constant unwanted text messages, comments, and touching by co-workers Franklin Guevara, a senior manager at Toku Modern Asian, and Juan Delacruz, a senior manager at Toku Modern Asian. Due to the ongoing harassment and assault by Defendants Guevara and Delacruz, and due to Poll Restaurant Group, Inc. and Gillis Poll's failure to remedy the harassment and assault, Plaintiff ultimately left his position at the restaurant.

5. Defendants' conduct was knowing, malicious, willful and wanton and showed a reckless disregard for the Plaintiff, which has caused and continues to cause the Plaintiff to suffer

substantial economic and non-economic damages, permanent harm to his professional and personal reputations and severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

6. This is a civil rights action brought by the Plaintiff in order to redress multiple deprivations by the Defendants of Plaintiffs rights secured by the Constitution of the State of New York, as well as pursuant to 42 U.S.C. § 2000e et seq., otherwise known as Title VII of the Civil Rights Act of 1964, the New York State Executive Law § 290.

7. Jurisdiction is conferred on the Court by 28 U.S.C. 1331 and 28 U.S.C. 1343(a) and under the doctrine of supplemental and pendent jurisdiction.

8. This Court has supplemental jurisdiction over Plaintiff's state and local law claims pursuant to 28 U.S.C. §1367, as these claims arise from a common nucleus of operative facts.

9. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

11. Plaintiff first spoke with the United States Equal Employment Opportunity Commission ("EEOC") on or around March 2, 2020, and filed a charge with the EEOC office located at 33 Whitehall Street, 5th Floor, New York, New York 10004 (EEOC Charge No. 520-2020-02796), charging Defendants with unlawful discriminatory practices based on their actions .

12. On December 1, 2020, the EEOC issued the Plaintiff notice of right to bring suit in federal district court based on the allegations of unlawful discrimination on the basis of gender discrimination and sexual harassment.

13. This action has been filed within 90 days of Plaintiff's receipt his right-to-sue letter from the EEOC.

14. Any and all other prerequisites to the filing of this suit have been met.

## THE PARTIES

15. Plaintiff, GAVIN TREPETA, is a resident of the State of New York and was employed by POLL RESTAURANT GROUP, INC., d/b/a Toku Modern Asian, located at 2014 Northern Boulevard, Manhasset, NY 11030, as a manager from approximately June of 2019 through February of 2020.

16. Upon information and belief, Defendant, POLL RESTAURANT GROUP, INC. is a domestic company organized under the laws of New York.

17. That at all times relevant hereto and upon information and belief, Defendant, GILLIS POLL, was the owner/Chief Operating Officer of POLL RESTAURANT GROUP, INC.

18. That at all times relevant hereto and upon information and belief, Defendant, FRANKLIN GUEVARA, is an employee of POLL RESTAURANT GROUP, INC., d/b/a Toku Modern Asian, holding the position of "Senior Manager".

19. That at all times relevant hereto and upon information and belief, Defendant, JUAN DELACURZ, is an employee of POLL RESTAURANT GROUP, INC., d/b/a Toku Modern Asian, holding the position of "Senior Manager".

20. That at all times relevant hereto and upon information and belief, Defendant GILLIS POLL has the power to hire and fire employees, establish and pay their wages, set their

work schedule, and maintains their employment records at POLL RESTAURANT GROUP, INC., d/b/a Toku Modern Asian.

21. That at all times relevant hereto and upon information and belief, Defendant FRANKLIN GUEVARA has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintains their employment records at POLL RESTAURANT GROUP, INC., d/b/a Toku Modern Asian.

22. That at all times relevant hereto and upon information and belief, Defendant JUAN DELACRUZ has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintains their employment records at POLL RESTAURANT GROUP, INC., d/b/a Toku Modern Asian.

23. During all relevant times herein, Defendant POLL RESTAURANT GROUP, INC., d/b/a Toku Modern Asian was Plaintiff's employer within the meaning of the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. ("Title VII"), the New York State Human Rights Law, New York Executive Law§§ 296-297 ("NYSHRL").

## NATURE OF THE ACTION

24. This is an action brought for the monetary damages for pain, suffering, humiliation, lost wages and other compensation. This is also an action brought for declaratory, injunctive, equitable and affirmative relief. Exemplary damages, counsel fees and the costs and expenses to redress the injuries caused by the acts of the Defendants are also sought.

## STATEMENT OF FACTS

25. Plaintiff was hired to work for Poll Restaurant Group, Inc. d/b/a Toku Modern Asian (hereinafter "Toku") June of 2019 as a manager.

26. Approximately one (1) month after Plaintiff was hired, in July, 2019, a Senior Manager named Franklin Guevara, who upon information and belief, is a gay male, began making sexually explicit comments towards Plaintiff, who is a straight male. For example, Mr. Guevara would often tell Plaintiff that he wanted to have sex with Plaintiff.

27. Plaintiff complained to other Senior Managers about Mr. Guevara's behavior a number of times, but no one did anything to rectify the situation.

28. On December 21, 2019, a different Senior Manager, Juan Delacruz, who, upon information and belief is a gay male, told Plaintiff to "come suck his dick". He also grabbed Plaintiff's crotch and pulled on Plaintiff's genitals with his fingers while he said those words. Plaintiff believes this incident is on camera.

29. Plaintiff and Mr. Delacruz got into an altercation based on Mr. Delacruz's comments and actions. Mr. Delzcruz apologized and Plaintiff attempted to move on and forget the incident.

30. On December 21, 2019, December 31, 2019, and other dates throughout Plaintiff's employment, Juan Delacruz would force Plaintiff to drink alcohol while Plaintiff was working; he would tilt Plaintiff's head back and pour alcohol down his throat.

31. On February 1, 2020, another employee and Plaintiff were counting inventory, and Franklin Guevara was wandering around the back room while they were in there. Mr. Guevara put his hands on Plaintiff's leg and crotch area, he rubbed his butt against the back of Plaintiff's legs, and made multiple attempts to touch Plaintiff inappropriately while he was simply trying to do his job. Mr. Guevara was trying to make Plaintiff drink while he was counting the inventory, to the point that he tried to hold Plaintiff's nose and tilt his head back and pour a drink down Plaintiff's throat.

32. After that incident, another manager named Hoi Chung invited Plaintiff to go out to dinner. Mr. Chung told Plaintiff that Mr. Guevara would be there as well, but Plaintiff felt comfortable because Plaintiff trusted Mr. Chung and did not think Mr. Guevara would do anything inappropriate in front of Mr. Chung.

33. Everyone took an Uber to the diner together. Plaintiff sat in the back seat with Mr. Guevara, and Mr. Chung sat in the front.

34. While in the Uber, Mr. Guevara tried to kiss Plaintiff on the mouth. Plaintiff pushed him away to the other side of the car and told him not to do that. Mr. Guevara then acted upset for a little while, and then he punched Plaintiff in the leg while smirking. Plaintiff punched Mr. Guevara back and told him stop. Plaintiff attempted to ask Mr. Chung what to do and to guide Plaintiff as to how to handle the situation. In response, Mr. Chung told Mr. Guevara to stop, multiple times, but Mr. Guevara did not listen.

35. Once at the diner, Mr. Chung and Plaintiff sat next to each other, and Mr. Guevara sat across from them. Plaintiff did this on purpose because he did not want to be close to Mr. Guevara. Mr. Guevara began rubbing and touching Plaintiff's crotch with his foot. Plaintiff swatted it away multiple times, but he would not stop. Plaintiff kept asking Mr. Chung what to do and how to handle it, but Mr. Guevara would not let up no matter with Mr. Chung and Plaintiff did or said.

36. When they were getting ready to leave, Mr. Guevara picked up a beer and started simulating oral sex on the bottle of beer while looking directly at Plaintiff and Mr. Chung. When they got outside, Mr. Chung and Plaintiff told Mr. Guevara that they wanted to leave and did not want Mr. Guevara to go with them.

37. Later that evening, Mr. Guevara texted Plaintiff a picture of himself from behind, on his

bed, bent over with his pants and underwear around his ankles. Along with the picture, Mr. Guevara wrote (in Spanish): "you know you want to screw me/you know you want this ass" and "you can have my dick".

38. On February 2, 2020, Mr. Guevara sent Plaintiff a photo that said "Franklin wants to try anal".

39. Ultimately, Plaintiff reported these issues to Mr. Delacruz and advised that he wanted to quit. Mr. Delacruz acknowledged that there have been multiple issues with Mr. Guevara (in fact, several months earlier, Mr. Delacruz pulled Plaintiff aside to tell Plaintiff that he thought it was funny that Mr. Guevara had a crush on Plaintiff).

40. Mr. Delacruz called in the owner of the restaurant group, Defendant Gillis Poll, and the operational manager to discuss the issue. They wanted Plaintiff to sign a written complaint, but Plaintiff just did not feel comfortable doing so.

41. Ultimately, Mr. Guevara was suspended and Plaintiff was asked to return to work, but Plaintiff advised that he didn't feel comfortable working for the company any longer, because whenever he would rebuff Mr. Guevara's advances, he would then start making things up about Plaintiff and his work ethic/job performance in order to make Plaintiff look bad to other Senior Managers. Plaintiff sent back his keys and told the owner and other managers that he would no longer be returning.

42. Plaintiff was devastated to lose this job, as he had worked hard to get to this position, and believed it was going to be an excellent place to build his career.

43. Upon information and belief, Mr. Guevara is still employed at Defendant's restaurant.

44. As a result of Defendants' discriminatory and retaliatory treatment of Plaintiff, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses,

benefits and other compensation which such employment entails.

45. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

46. Defendants were aware that Guevara and Delacruz subjected Plaintiff to repeated sexual harassment, assault and discrimination and that Defendants retaliated against Plaintiff by making up stories about Plaintiff's job performance and work ethic in order to undermine Plaintiff's complaints.

47. Defendants failed to take necessary action to protect Plaintiff as a result of his complaints.

48. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against Defendants.

49. Therefore, Plaintiff brings this action seeking relief from the Court for violations of the applicable discrimination laws.

## AS AND FOR A FIRST CAUSE OF ACTION
### Title VII
### (Gender - Sexual Harassment)

50. Plaintiff repeats and re-alleges each and every allegation contained herein.

51. Defendants have discriminated against Plaintiff on the basis of his gender in violation of the Title VII of the Civil Rights Act of 1964, by, among other things, subjecting Plaintiff to continued harassment.

52. Plaintiff was subjected to a hostile work environment, which manifested itself in adverse action taken against him.

53. Plaintiff has established that Defendants engaged in a pattern and practice of

discrimination, in the manner in which Plaintiff was treated.

54. The treatment was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment.

55. Plaintiff has been caused to suffer severe emotional and economic damages as a result of this conduct.

56. Defendants discriminated against Plaintiff with respect to his employment terms, working conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964.

57. But for Plaintiff's gender, Plaintiff would not have been subjected to discrimination.

58. Defendants acted knowingly and willfully in violation of Title VII.

59. Defendants violated Title VII by discriminating against Plaintiff on the basis of his gender inasmuch as Defendants engaged in a course of conduct, as stated above which collectively resulted in retaliation against Plaintiff.

60. As a proximate cause of Defendants' discrimination, Plaintiff has suffered and continue to suffer substantial loss of compensation, all to Plaintiffs damages in an amount to be determined at trial.

**AS AND FOR A SECOND CAUSE OF ACTION**
**Title VII**
**(Hostile Work Environment)**

61. Plaintiff repeats and re-alleges each and every allegation contained herein.

62. Defendants engaged in activities which created a hostile work environment for Plaintiff, including but not limited to: subjecting Plaintiff to offensive and derogatory comments; derogatory text messages; unwanted touching; embarrassment and humiliation; and refusing to respond or take action regarding Plaintiffs demands to cease and desist said

discrimination and harassment, and as such, all Defendants condoned the unlawful conduct.

63. The named individual Defendants acted in their individual and professional capacities. No significant action was taken by the Restaurant Group to stop the harassment of Plaintiff, thereby contributing to a hostile work environment.

64. By Defendants engaging in the aforementioned acts in preceding paragraphs engaged in unlawful employment practices as defined by 42 U.S.C. §2000e-2 for which they are liable.

65. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of the privileges arising from his employment with Defendants and the embarrassment, humiliation, and mental as well as emotional distress and financial loss as a consequence of Defendants' actions.

### AS AND FOR A THIRD CAUSE OF ACTION
### Title VII
### (Unlawful Retaliation)

66. Plaintiff repeats and re-alleges each and every allegation contained herein.

67. Title VII's anti-retaliation provision forbids employer actions that "discriminate against" an employee because he has "opposed" a practice that Title VII forbids or has "made a charge, testified, assisted, or participated in" a Title VII "investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a).

68. In complaining about Plaintiffs discrimination on the basis of his gender and the sexual harassment and assault suffered by Plaintiff, Plaintiff was engaging in a protected activity, and Defendants were fully aware of that.

69. Defendants treated Plaintiff adversely because of his complaints and engaged in a

knowing, intentional, willful and voluntary course of wrongful retaliatory conduct in violation of 42 U.S.C. § 2000e-3(a).

70. As a result of Defendants' unlawful retaliation as described above, Plaintiff is entitled to back pay and front pay, lost past and future earnings, non-pecuniary damages for pain and suffering relating to the emotional harm Plaintiff suffered and injunctive relief.

71. Defendants should be assessed punitive damages in an amount to be determined at trial to adequately punish Defendants and to deter Defendants from engaging in such illegal and immoral conduct in the future.

### AS AND FOR A FOURTH CAUSE OF ACTION
### NYSHRL
### (Hostile Work Environment)

72. Plaintiff repeats and re-alleges each and every allegation contained herein.

73. Defendants engaged in activities which created a hostile working environment for Plaintiff including, but not limited to: offensive and derogatory comments; derogatory text messages; unwanted touching; embarrassment and humiliation; and refusing to respond or take action regarding Plaintiff's demands to cease and desist.

74. Named Defendants acted in their individual and professional capacities.

75. By engaging in the acts set forth in the proceeding paragraphs, Defendants engaged in an unlawful employment practice as defined by the New York State Human Rights Law, New York Executive Law § 296(1) for which they are liable.

76. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of privileges arising from his employment with Defendants, the constructive termination of his employment, humiliation, mental and emotional distress, and financial loss as a consequence of the Defendants actions.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Discrimination under the NYSHRL
### (Gender - Sexual Harassment)

77. Plaintiff repeats and re-alleges each and every allegation contained herein.

78. The New York State Human Rights Law prohibits discrimination based upon an individual's gender by employers.

79. In violation of the NYSHRL, Defendants repeatedly discriminated against the Plaintiff on the basis of his gender by, among other things, subjecting him to continued and egregious harassment and retaliation against Plaintiff.

80. Defendants, upon information and belief, employ four or more persons and are thus an "employer" covered by the Human Rights Law.

81. Defendants violated the New York State Human Rights Law, New York Executive Law §290 et seq. (and in particular, Executive Law §§ 296-297) by discriminating against Plaintiff on basis of his gender inasmuch as Defendants engaged in a course of conduct, as stated above which collectively resulted in sexual harassment, assault and retaliation.

82. Defendants' conduct was done in conscious disregard of Plaintiffs rights in violation of New York State Human Rights Law, New York Executive Law §290 et seq.

83. Therefore, Plaintiff is entitled to back pay and front pay, lost past and future earnings, non-pecuniary damages for pain and suffering relating to the emotional harm Plaintiff suffered and injunctive relief.

## AS AND FOR A SIXTH CAUSE OF ACTION
### NYSHRL
### (Unlawful Retaliation)

84. Plaintiff repeats and re-alleges each and every allegation contained herein.

85. Defendants' conduct as described is violative of the anti-retaliation provision of the NYSHRL, Executive Law§ 296.7.

86. In complaining about Plaintiff's discrimination on the basis of his gender and the sexual harassment and assault suffered by Plaintiff, Plaintiff was engaging in a protected activity, and Defendants were fully aware of that.

87. Defendants treated Plaintiff adversely because of his complaints and engaged in a knowing, intentional, willful and voluntary course of wrongful retaliatory conduct in violation of the NYSHRL.

88. As a result of Defendants' unlawful retaliation as described above, Plaintiff is entitled to back pay and front pay, lost past and future earnings, non-pecuniary damages for pain and suffering relating to the emotional harm Plaintiff suffered and injunctive relief.

89. Defendants should be assessed punitive damages in an amount to be determined at trial to adequately punish Defendants and to deter Defendants from engaging in such illegal and immoral conduct in the future.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## VIOLATIONS OF NEW YORK CITY ADMINISRTATIVE CODE
### (Hostile Work Environment)

90. Plaintiff repeats and re-alleges each and every allegation contained herein.

91. The Defendants have discriminated against Plaintiff on the basis of Plaintiffs gender

92. Plaintiff was subjected to a hostile work environment created the Defendants.

93. Plaintiff established that Defendants engaged in a pattern and practice of discrimination in the manner in which the Plaintiff was treated.

94. Plaintiff was treated in a disparate manner as compared to other employees.

95. The treatment of the Plaintiff was so severe and pervasive as to alter the terms and

conditions of the Plaintiffs employment.

96. A motivating factor for the treatment of Plaintiff was his gender.

97. The plaintiff has been caused to suffer severe emotional and economic damage as a result of the conduct.

98. The Plaintiff constructively terminated his position due to Defendants failure in addressing the discrimination.

99. The Defendants have discriminated against Plaintiff with respect to his employment terms, working conditions and privileges of employment in violation of N.Y.C. Administrative Code §8- 107.

100. But for the Plaintiff's gender, the Plaintiff would not have been subjected to the hostile work environment.

101. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of privileges arising from his employment with Defendants, the constructive termination of his employment, humiliation, mental and emotional distress, and financial loss as a consequence of the Defendants actions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be granted:

a. On Plaintiff's First Cause of Action for unlawful gender discrimination and sexual harassment in violation of Title VII, inter alia, back pay, front pay, the value of lost benefits to be determined at trial, together with compensatory damages and punitive damages in amounts to be determined at trial, but which are believed to exceed applicable Title VII caps on such damages;
b. On Plaintiffs Second Cause of Action for hostile work environment in violation of Title VII, inter alia, back pay, front pay, the value of lost benefits to be determined at trial, together with compensatory damages and punitive damages in amounts to be determined at trial, but which are believed to exceed applicable Title VII caps on such damages;
c. On Plaintiff's Third Cause of Action for unlawful retaliation in violation of Title VII, inter alia, back pay, front pay, the value of lost benefits to be determined at trial, together

      with compensatory damages and punitive damages in amounts to be determined at trial, but which are believed to exceed applicable Title VII caps on such damages;

d. On Plaintiff's Fourth Cause of Action for hostile work environment in violation of the NYSHRL, inter alia, back pay, front pay, the value of lost benefits and compensatory damages in amounts to be determined at trial;
e. On Plaintiff's Fifth Cause of Action sexual harassment environment in violation of the, NYSHRL, inter alia, back pay, front pay, the value of lost benefits and compensatory damages in amounts to be determined at trial;
f. On Plaintiff's Sixth Cause of Action for unlawful retaliation in violation of the, NYSHRL, inter alia, back pay, front pay, the value of lost benefits and compensatory damages in amounts to be determined at trial;
g. On Plaintiff's Seventh Cause of Action for hostile work environment in violation of the, New York City Administrative Code, inter alia, back pay, front pay, the value of lost benefits and compensatory damages in amounts to be determined at trial;
h. Awarding Plaintiff prejudgment and post-judgment interest;
i. Awarding Plaintiff the costs of this action together with reasonable attorney's fees; and
j. Awarding such and further relief as this court deems necessary and proper;
k. Judgment declaring Defendants violated the aforementioned statutes;
l. Defendants, its agents, employees, officers, and successors in interest, and those acting in concert with Defendants, be permanently enjoined from discriminating on any basis forbidden by NYSHRL; and
m. For such other and further relief as may be just and proper.

## **DEMAND FOR A TRIAL BY JURY**

The Plaintiff requests a jury trial on all questions of fact raised by the Complaint.


Dated: February 24, 2021
      Astoria, New York

                                SACCO & FILLAS, LLP


                                By: /s/ Patricia Rose Lynvh
                                Patricia Rose Lynch, Esq.
                                31-19 Newtown Avenue
                                Seventh Floor
                                Astoria, New York 11102
                                Tel: 718-269-2240
                                Email: Plynch@saccofillas.com