UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
  GAVIN TREPETA,

                    Plaintiff,

     -against-

POLL RESTAURANT GROUP, INC., GILLIS
POLL, FRANKLIN GUEVARA, JUAN
DELACRUZ, MANHASSET
RESTRAURANT LLC d/b/a TOKU MODERN
ASIAN, and GOLD COAST RESTAURANT
CORP.

                    Defendants.
------------------------------------------------------------X

**DECISION AND ORDER**
21-CV-01010 (JMA)(JMW)

**A P P E A R A N C E S:**

Patricia Rose Lynch
Clifford Tucker
**Sacco & Fillas, LLP**
31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102
*For Plaintiff*

Danielle Elizabeth Mietus
Michael S. Mosscrop
**Franklin, Gringer & Cohen, P.C.**
666 Old Country Road
Ste 202
Garden City, NY 11530
*For Defendants*

**WICKS,** Magistrate Judge:

      Before the Court is Defendants Poll Restaurant Group, Inc., Manhasset Restaurant Group LLC d/b/a Toku Modern Asian, Gold Coast Restaurant Corp., Gillis Poll, and Franklin Gievera's motion for sanctions under Rule 37 seeking preclusion of evidence and an adverse inference based on Plaintiff Gavin Trepeta's alleged "continued disregard for the Federal Rules of Civil

1

Procedure" and failure to comply with this Court's August 1, 2022 Order ("August 1 Order").[1] (DE 36.) Plaintiff opposes the motion. (DE 39.)

For the reasons set forth below, the Court concludes that sanctions are not warranted and therefore the Defendants' motion is DENIED.

## I.     FACTUAL AND RELEVANT PROCEDURAL BACKGROUND

Plaintiff commenced this civil rights action against the Defendants on February 24, 2021. (DE 1.)[2] Over six months later, on September 2, 2021, Plaintiff filed his First Amended Complaint ("Amended Complaint"), asserting seven causes of action against Defendants including: (1) discrimination on the basis of gender, by, amongst other things, subjecting Plaintiff to sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) hostile work environment in violation of Title VII; (3) unlawful retaliation in violation of Title VII; (4) hostile work environment in violation of New York State Human Rights Law ("NYSHRL"), New York Executive Law § 296(1); (5) discrimination in violation of NYSHRL; (6) unlawful retaliation in violation of NYSHRL; and (7) hostile work environment in violation of N.Y.C. Administrative Code §8-107. (DE 18.) Defendants' Answer to the Amended Complaint was filed on September 28, 2021. (DE 26.)

At the parties' request, the Court extended the deadlines to complete discovery first on December 18, 2021, and then again on March 2, 2022. (*See* DE 30; Electronic Order dated December 18, 2021; DE 31; DE 32.) During a status conference held on May 19, 2022, the parties

---

[1] "Discovery motions, including those seeking sanctions for failure to comply with prior discovery orders, are ordinarily considered non-dispositive, and therefore fall within the grant of Rule 72(a), unless the sanction employed disposes of a claim." *Seena Int'l, Inc. v. One Step Up, Ltd.*, No. 15CV01095(PKC)(BCM), 2016 WL 2865350, at *10 (S.D.N.Y. May 11, 2016) (quotes omitted).

[2] The case was originally assigned to Magistrate Judge Steven I. Locke and reassigned to the undersigned on May 13, 2021. (*See* Electronic Order, dated May 13, 2021.)

requested yet a further extension of discovery deadlines. (*See* DE 33.) The Court obliged and extended the fact discovery deadline to on or before July 29, 2022, marking the extension "final." (*Id.*)

Despite the finality of the July 29th deadline, on July 29, 2022, the parties' made another request to extend discovery deadlines. (DE 34.) This motion was denied with leave to renew the application at the status conference scheduled for August 1, 2022 ("August 1 Conference"). (Electronic Order dated July 29, 2022.) During the August 1 Conference the parties advised the Court of the status of discovery and provided context to certain discovery issues. (DE 35.) Specifically, Defendants advised the Court that although Plaintiff's deposition had been taken, it was left open because of certain records that had not been produced by Plaintiff. (*Id.*) The Court ordered that the Plaintiff either produce (a) the requested records or (b) a sworn declaration detailing his search efforts on or before August 5, 2022. (*Id.*) The Court further ordered that all fact depositions were to be completed by August 15, 2022. (*Id.*)[3] The Court, for the last time, adjusted the remaining discovery deadlines. (*Id.*) (citing *In re Harris*, 228 B.R. 740, 745 (Bankr. D. Ariz. 1998) ("the word 'final' means final")).

On August 15, 2022, Defendants filed the instant motion for sanctions based on Plaintiff's alleged failure to obey the August 1 Order. (DE 36.) Defendants assert that Plaintiff failed to comply with the Court's August 1 Order because the declaration produced by Plaintiff is devoid of any specific detail addressing the exact efforts that Plaintiff undertook to search for employment and tax return records and because Plaintiff has ultimately failed to fully produce his employment

---

[3] As of the making of Defendants' motion on August 15, 2022, Defendants advise that Defendant Poll Restaurant Group, Inc.'s Rule 30(b)(6) deposition had not been taken but was in the process of being rescheduled.

3

and tax return records.  (DE 36.)  Defendants request that Plaintiff be precluded from introducing or otherwise relying on those employment and tax records.  (*Id.*)

On August 22, 2022, Plaintiff opposed Defendants' motion, arguing sanctions are not warranted because Plaintiff complied with the August 1 Order by providing a declaration with sufficient detail and further providing authorizations for Plaintiff's employment and tax records.

## II.  DISCUSSION

Federal Rule of Civil Procedure ("FRCP") 37(b)(2)(A) states that "[i]f a party or party's officer . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders."  Sanctions available under Rule 37(b) include a grant of an adverse inference instruction for the non-production of evidence and precluding the party from supporting its claims or introducing certain matters into evidence.  *See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 119 (S.D.N.Y. 2018)*.*  Indeed, courts "enjoy broad discretion in deciding whether and how to fashion a sanction pursuant to Rule 37."  *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012).

While Rule 37 does not identify the factors courts should weigh when considering whether to sanction a party for noncompliance a discovery order, the Rule instructs that the sanctions must be "just," meaning that "the severity of the sanction must be commensurate with the non-compliance."  *Linde v. Arab Bank*, PLC, 269 F.R.D. 186, 195 (E.D.N.Y. 2010) (citing *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 140 (2d Cir.2007).  "The party seeking sanctions bears the initial burden of demonstrating non-compliance with a court order."  *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 119 (S.D.N.Y. 2018)*.*

"Both an adverse inference instruction and preclusion are considered "extreme sanction[s]" that 'should not be given lightly.'"  *Pall Corp. v. 3M Purification Inc.*, 279 F.R.D. 209, 213

(E.D.N.Y. 2011) (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 220 (S.D.N.Y.2003). "[B]ecause of the harshness of the sanction of preclusion, such a sanction has been held to be justified only in 'rare situations' evincing culpable conduct by the party against whom the sanction is being imposed." *Syntel Sterling Best Shores Mauritius Ltd.*, 328 F.R.D. at 119. An adverse inference instruction may be imposed where a party has breached a discovery obligation through bad faith, gross negligence, or through ordinary negligence but is generally only warranted where a party has shown spoliation of evidence. *Fischer v. Verizon New York, Inc.*, No. 18CV11628(RA)(OTW), 2020 WL 5117913, at *2 (S.D.N.Y. Aug. 31, 2020), *reconsideration denied*, No. 18CV11628(RA)(OTW), 2021 WL 1268449 (S.D.N.Y. Apr. 6, 2021), and aff'd, No. 18-CV-11628 (RA), 2021 WL 5827639 (S.D.N.Y. Dec. 8, 2021), *and aff'd*, No. 18-CV-11628 (RA), 2021 WL 5827639 (S.D.N.Y. Dec. 8, 2021).

### III.   ANALYSIS

#### A. Whether Plaintiff Complied with the August 1 Order by Providing a Sworn Declaration

Defendants do not contend that Plaintiff failed to produce a declaration, but rather that Plaintiff failed to comply with the Court's August 1 Order because his declaration is deficient, namely, that it does not contain specifics on his efforts to search for requested employment and tax records. (DE 36.) At bottom is a kerfuffle over the adequacy of the declaration.

In opposition, Plaintiff argues his declaration sufficiently details his search efforts to locate the responsive documents. (DE 39.) Additionally, in efforts to resolve the issue, Plaintiff's counsel inquired as to what details Defendants believed to be missing from the declaration, but based on the record before the Court, Defendants did not respond. (*See id.*; DE 39.)

Here, the Court ordered the Plaintiff to produce either "(a) the requested records or (b) a sworn declaration detailing his search efforts on or before August 5, 2022." (DE 35.) On August

5

5, 2022, Plaintiff provided Defendants with a declaration explaining that after his deposition he conducted searches "to obtain documents requested by Counsel." (DE 39-1.) Plaintiff also provided Defendants with some additional employment records. (*See* DE 36.) In his declaration, Plaintiff attests that he searched his iCloud account for text messages between himself and all persons related to his employment with Poll Restaurant Group, Inc., searched his e-mail records and Verizon account to try and determine when he lost an old cell phone and then received a new cell phone, searched for his pay stubs and W-2s from a previous employer, Total Wine, and searched his e-mail and New York State Department of Labor Account for documents related to his unemployment claim. (DE 39-1.) Plaintiff swears, under the penalty of perjury, that his searches did not turn up any relevant documents other than the employment contract with Rare650—which he produced along with the declaration—and the documents already provided to Defendants. (*Id.*) Accordingly, the Court finds Plaintiff's declaration sufficiently details Plaintiff's search efforts by explaining what Plaintiff was searching for, where the searches were performed, and the result of those searches. It is worth noting that Plaintiff's counsel gave Defendants the opportunity to explain which details they believed to be missing but Defendants failed articulate any. (DE 39-2.) So too here, Defendants fail to specify exactly what details they believe to be missing from Plaintiff's declaration. (*See* DE 36.) Under these circumstances, the Court finds that Plaintiff substantially complied with the Court's August 1 Order and therefore sanctions—especially the drastic sanctions of preclusion and an adverse inference—on those grounds are not warranted.

> **B. Defendants Have Not Otherwise Demonstrated that Plaintiff is in Violation of a Court Order**

Defendants contend that sanctions are warranted because rather than produce the requested employment and tax records, Plaintiff offered to execute authorizations for the Defendants to

6

obtain the records on their own. (DE 36.) In opposition, Plaintiff states he made efforts to determine whether he was in possession of any further records but advised his counsel that he did not have any of additional employment or tax documents in his possession. (DE 39.) In a good-faith effort to permit the inspection of the discovery, Plaintiff agreed to sign any relevant authorizations. (*Id.*)

As it relates to Plaintiff's employment records, Defendants did not object to Plaintiff's offer to execute an authorization or make a motion to this court to compel Plaintiff to produce certain employment records, but rather provided Plaintiff with an authorization for the release of employment records for Plaintiff's signature. (*See id.*) The very next day Plaintiff returned an executed authorization to Defendants. (*Id.*) Defendants did not provide an authorization for tax records or moved to compel the Plaintiff to produce the same. (*Id.*)

Rule 37(b), upon which Defendants' sanctions motion is predicated, provides for the imposition of sanctions when "a party . . . fails to obey a court order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). And so, "[o]ne typically needs to file a motion to compel discovery pursuant to Rule 37(a), or alternatively, some other discovery motion pursuant to some other rule, before the court . . . has occasion to issue sanctions under Rule 37(b) for failure to obey a court order providing or permitting discovery." *Doe v. Mastoloni*, 307 F.R.D. 305, 310 (D. Conn. 2015); *Torres v. City of New York*, No. CV 08-1238 DLIMDG, 2010 WL 670084, at *1 (E.D.N.Y. Feb. 23, 2010) ("I find that Rule 37(b) does not apply under these circumstances because the defendants have not identified a court order with which plaintiff failed to comply"); *La Barbera v. ASTC Lab'ys, Inc.*, No. CV 2006-5306 DLI MDG, 2007 WL 1423233, at *2 (E.D.N.Y. May 10, 2007) ("Likewise, the sanctions available under Rule 37(b)(2) may be imposed if a court grants a motion to compel. . .").

Here, no motion to compel has been filed by the Defendants. Indeed, Defendants have not identified a court order with which Plaintiff have failed to comply. Accordingly, the Court finds that Rule 37(b) does not apply under these circumstances and the harsh sanctions of preclusion, and an adverse inference are not warranted.

## CONCLUSION

For the foregoing reasons, Defendants' motion pursuant to Fed. R. Civ. P. 37(b) for sanctions is denied. The parties are directed meet and confer on the remaining discovery issues and file a status report on or before October 14, 2022. Further, the parties are directed to attend a Status Conference before the undersigned on October 26, 2022, at 10:00 AM via the Court's video Zoom. The Court will forward the Zoom invitation closer to the conference date.

Dated: Central Islip, New York
      October 5, 2022

                                  S O  O R D E R E D:

                              /S/ *James M. Wicks*
                                  James M. Wicks
                             United States Magistrate Judge